**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 10-00177 |
| | CIVIL ACTION NO. 14-2238 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| CHARLES P. CRAIG | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before this Court is a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Record Document 31) filed by Petitioner Charles P. Craig ("Craig"). Craig also filed a separate Memorandum in Support of his § 2255 Motion. See Record Document 34. Craig seeks an order from the Court vacating, setting aside, or correcting his sentence such that his term of imprisonment is not outside the advisory guidelines range. For the reasons set forth below, Craig's Motion is **DENIED**.

**BACKGROUND**

On October 10, 2010, Craig pleaded guilty to Count Two of the indictment charging him with possession of a firearm by a convicted felon, in violation of Title 18, United States Code, § 922(g)(1). See Record Documents 1, 22, and 23. On February 3, 2011, Craig was sentenced to 120 months in prison. See Record Document 27. His federal sentence was to run concurrently with his state sentence. See id. The judgment was entered on February 10, 2011. See Record Document 28. An amended judgment was filed on March 1, 2011, reducing Craig's sentence to a term of 100 months and 8 days to run concurrently with the undischarged term of imprisonment he was serving. See Record Document 29. Craig's advisory guideline range was 51 to 63 months. See Record Document 30 at 2. Craig did not file a Notice of Appeal.

Now before the Court is Craig's Motion to Vacate under 28 U.S.C. § 2255, which was filed on June 30, 2014. See Record Document 31. In his Motion, Craig argues (1) ineffective assistance of counsel and (2) that his sentence was illegal because the Court increased his sentence to ensure that he had time to get drug treatment. See id. at 3-5; see also Record Documents 34 and 40. Before considering the merits of the instant Motion, the Court must decide the issue of timeliness, as the Government argues that Craig did not file his motion in accordance with the applicable statute of limitations. See Record Document 35.

## LAW AND ANALYSIS

To review the merits of a motion under § 2255, it must be filed within the statute of limitations. Title 28, United States Code, § 2255(f) provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). The Court will consider subparts 1-4 individually, and will also address Craig's argument that the "actual innocence" exception applies such that the Court may still consider the Motion even if it is untimely.

A. **Section 2255(f)(1)**

In connection with the filing of a § 2255 motion, "a conviction becomes final when a defendant's options for further direct review are foreclosed." United States v. Thomas, 203 F.2d 350, 352 (5th Cir. 2000). If no appeal is taken, the conviction becomes final for purposes of § 2255 upon the expiration of the 14-day period for the filing a notice of appeal. See United States v. Plascencia, 537 F.3d 385, 388-9 (5th Cir. 2008). Under Federal Rule of Appellate Procedure 4(b)(1), this 14-day period begins to run from the entry of the judgment in the record by the Clerk of Court.

Here, Craig's conviction became final on March 15, 2011, fourteen days after the entry of the amended judgment in the record. See Record Document 29. Craig therefore had until March 15, 2012, to file a timely § 2255 motion, but he did not file his Motion until June 30, 2014. See Record Document 31. Craig's § 2255 Motion is untimely under subpart one.

B. **Section 2255(f)(2)**

Craig's case does not fall within the scope of § 2255(f)(2). There is no indication in either the record or the Motion itself that any governmental action impeded Craig in filing his § 2255 Motion. As this subsection does not apply to the instant Motion, it does not provide Craig with any basis to support his argument that his Motion is timely.

C. **Section 2255(f)(3)**

Craig appears to rely on § 2255(f)(3) to argue that his § 2255 motion is timely. Under subpart 3, the one-year limitations period runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly

recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).

Craig relies upon Tapia v. United States, 564 U.S. 319 (2011), and Henderson v. United States, 133 S. Ct. 1121 (2013), for his argument that his sentence was illegal because it was partially based upon ensuring that he had time to get drug treatment. In Tapia, the Supreme Court held that "a court may not impose or lengthen a prison sentence to enable an offender to complete a treatment program or otherwise to promote rehabilitation," resolving an issue that had divided the Courts of Appeals. 564 U.S. at 323 and 335. In Henderson, a criminal defendant had been sentenced before Tapia was decided, and the district court imposed a sentence that, in part, was aimed at keeping the defendant in prison long enough so that he could qualify for an in-prison drug rehabilitation program. See 133 S. Ct. at 1125. The Supreme Court issued its decision in Tapia between sentencing and the issuance of a decision on appeal, and the defendant argued that after Tapia, the district court's decision to partially base the length of the sentence on the ability to participate in a drug treatment program was plain error. See id. The Fifth Circuit held that because the law was unclear at the time of the district court's decision, it committed no plain error. See id. The Supreme Court reversed, holding that on direct appeal, an appellate court may reverse a district court's ruling under a plain error standard of review when the error is plain at the time of appellate review, even if the district court's decision was not plainly erroneous at the time it made the decision. Id. at 1124-25.

Craig cannot depend upon these cases for extending the time in which he could timely file a § 2255 motion because these cases are not retroactively applicable to cases under collateral review. Craig points to no authority holding that these cases apply

retroactively on collateral review. See Record Documents 31 and 34. As the Government points out, courts that have considered whether these cases apply retroactively to cases under collateral review have found that they do not. See Sherratt v. Utah Bd. of Pardons & Parole, 483 F.App'x 534, 536 (10th Cir. 2012) ("Even if Tapia, which was based upon the [Sentencing Reform Act of 1984], could be considered to announce a new rule of constitutional law, Mr. Sherratt fails to establish that the Supreme Court has made this decision retroactive to cases on collateral review. We may therefore not grant him authorization based on Tapia."); U.S. v. Ramirez, No. CIV.A. H-14-413, 2014 WL 3665289, at *1 (S.D. Tex. July 22, 2014) ("The court finds that this § 2255 petition is barred by the one-year limitations period under AEDPA and that Henderson does not provide a basis to extend the time."). The Court agrees with these cases on this question.

Furthermore, even if Tapia or Henderson were retroactively applicable on collateral review, his Motion would still be untimely under 28 U.S.C. § 2255(f)(3) because Tapia was decided on June 16, 2011, and Henderson was decided on February 20, 2013, more than one year before Craig filed the instant Motion on June 30, 2014. Thus, Craig's § 2255 is untimely under 28 U.S.C. § 2255(f)(3) because (1) there is no newly-recognized, retroactively applicable right upon which Craig may base an argument for timeliness under this subsection; and (2) even if there were, Craig's Motion would still be untimely because it was filed more than a year after the issuance of both of the decisions that Craig contends created new retroactively applicable rights.

**D. Section 2255(f)(4)**

Subsection four of § 2255(f) provides that the one-year statute of limitations may run from "the date on which the facts supporting the claim or claims presented could have

been discovered through the exercise of due diligence," if this date is later than the other enumerated dates from which the one-year period may run. Craig argues that his § 2255 Motion is timely because he exercised due diligence once he found out about the decisions in Tapia and Henderson and subsequently filed his § 2255 Motion. See Record Document 34 at 14-15. He states that he contacted attorneys with the Federal Public Defender's Office who had represented him at sentencing once he found out about the decision in Tapia and again after he found out about the decision in Henderson to ask whether these decisions afforded him any relief. See id. Both times, Craig asserts that he was informed that these decisions did not afford him any relief. See id.

However, once he read Henderson and re-read the transcript of his sentencing hearing after receiving another copy of the transcript on November 20, 2013, he disagreed with the Federal Public Defenders, and he decided to file the instant Motion. See id. Thus, Craig's argument under this subsection is essentially that he became aware of "facts supporting the claim . . . presented" on November 20, 2013, through due diligence (i.e., keeping up with the development of new cases that were potentially relevant to his case and contacting the Federal Public Defender about them), and then filed his § 2255 Motion within a year of becoming aware of these facts.[1]

---

[1] As the Government notes in its Memorandum in Opposition to Craig's § 2255 Motion, Craig's statements regarding the alleged failure of the Federal Public Defender's Office to recognize the applicability of Tapia and Henderson to his case could be construed as allegations of ineffective assistance of counsel. See Record Document 35-1 at 6. However, because criminal defendants do not have the right to counsel during post-conviction proceedings to collaterally attack a criminal conviction or sentence, allegations of ineffective assistance of counsel in deciding whether to file a § 2255 motion are not relevant to whether Craig's § 2255 Motion is timely. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) ("the right to appointed counsel extends to the first appeal of right, and no further"); see Steele v. United States, 518 F.3d 986 (8th Cir. 2008) (no claim for

This argument is unpersuasive. The issuance of the Supreme Court's decision in Henderson does not actually constitute a new "fact supporting the claim . . . presented" because Henderson offers no support to Craig's claim in the instant Motion. Henderson was a decision related to a plain error review of criminal convictions and sentences on direct appeal. See 133 S. Ct. at 1124-25; 28 U.S.C. § 2255(f)(4). This is not a direct appeal, but rather a collateral attack under 28 U.S.C. § 2255. Henderson said nothing about the ability of a prisoner to collaterally attack his sentence on the basis of Tapia. See 133 S. Ct. at 1124-31. Thus, the issuance of Henderson does not constitute a new "fact supporting the claim presented" such that Craig may benefit from a new one-year period for filing a § 2255 Motion.

Even assuming that the issuance of Tapia (the case that pronounced a rule that *might* support Craig's substantive arguments in the instant Motion) could constitute a new "fact supporting the claim . . . presented" to trigger the beginning of a new one-year period for filing a § 2255 Motion, Craig failed to file his Motion within that period. 28 U.S.C. § 2255(f)(4). Craig himself admits that he became aware of the holding in Tapia at some point in 2011. See Record Document 34 at 11 ("in 2011 . . . the petitioner became aware of the Supreme Courts (sic) decision in Tapia"). Thus, because he actually discovered the ground for the instant Motion in 2011, he would have had to file a § 2255 Motion by the end of 2012 at the latest for the Motion to be timely under § 2255(f)(4). Because he failed to do so, the instant Motion is untimely under this subsection of § 2255 as well.

---

ineffective assistance of counsel exists when the allegedly ineffective assistance took place when there was no longer a constitutional right to counsel).

### E. Actual Innocence

Craig also appears to rely on the "actual innocence" exception that permits § 2255 petitioners to go forward with their claims despite the fact that they are procedurally barred from pursuing these claims. See Record Document 31 at 5-6; see McQuiggan v. Perkins, 133 S. Ct. 1924, 1931-32 (2013) (the "actual innocence" or "fundamental miscarriage of justice" exception only applies in the "extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent" of the federal crime of which he was convicted) (internal citations and quotations omitted). To meet this exception, a prisoner must submit new evidence showing that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Id. at 1928.

Craig has not submitted any evidence asserting that he is actually innocent of the crime of which he was convicted. Rather, he argues that he "is actually innocent of the crimes used by the court as the basis of its sua sponte upward departure." Record Document 31 at 5-6. It appears that Craig's argument relates to this Court's statements at his sentencing hearing that his extremely extensive criminal history may not reflect all of the crimes he has actually committed, i.e., the past crimes for which he was actually caught and of which he was actually convicted that were listed in his Presentence Investigation Report. See Record Document 30 at 5 (Craig's Criminal History Category of VI, based on 22 criminal history points, "underrepresents the seriousness" of Craig's criminal history).

Thus, Craig's argument is related not to his actual innocence of the underlying offense for which he is currently serving a federal sentence, but rather his actual innocence of certain other crimes that the Court considered at sentencing. Because Craig

(1) is only challenging his sentence; (2) does not assert his actual innocence of the crime for which he is serving his current sentence; and (3) has submitted no evidence regarding actual innocence of this crime, the actual innocence exception does not apply such that the Court may consider his § 2255 Motion despite its untimeliness.

## CONCLUSION

Based on the foregoing, the Court finds that Craig's claims fail because his § 2255 Motion is untimely. Accordingly, his Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Record Document 31) is hereby **DENIED**.

Pursuant to Rule 11(a) of the Rules governing § 2255 proceedings for the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. "Before entering the final order, the court *may* direct the parties to submit arguments on whether a certificate should issue." Rule 11(a) Rule Governing Section 2255 Proceedings for the United States District Courts (emphasis added). Unless a Circuit Justice or a Circuit or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals.

In this instance, a certificate of appealability is **DENIED** because the applicant has failed to demonstrate a substantial showing of the denial of a constitutional right.

An order consistent with the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, on this the 7th day of July, 2017.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE